# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KEITHA JEFFERSON | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-604 |
| | § | Judge Mazzant |
| FANNIE MAE and MELISSA TONN | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's Motion to Recuse Judge (Dkt. #37). Having considered the motion, the Court finds that the motion should be denied.

On May 27, 2015, Plaintiff filed a motion to recuse, asserting that the undersigned cannot be impartial and violated the following canons of judicial conduct: (1) performing the duties of judicial office impartially and diligently; (2) public access to judicial records; (3) conducting the judge's extra-judicial activities to minimize the risk of conflict with judicial obligations; (4) avoiding impropriety and the appearance of impropriety in all of the judge's activities; and (5) performing the duties of judicial office impartially and diligently. Plaintiff appears to complain that the undersigned knew or should have known that he did not have the authority, jurisdiction, or power to preside over or issue orders in Plaintiff's case number 4:14-cv-572, and that the undersigned should not have sealed record number 20, which is a notice of the case transfer decision from the Northern District of Texas. Plaintiff contends that the clerk who entered this record falsified a government record. In addition, Plaintiff complains of other court docket entries that she claims were falsified or docket entries that were incorrectly numbered. Plaintiff moves that the undersigned be recused from this case on these allegations.

# LEGAL STANDARD

Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. [*emphasis added*]

28 U.S.C. § 144. Some of the grounds for recusal of a judge are set forth in 28 U.S.C. § 455.

This statute says, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.

> (b)  He shall also disqualify himself in the following circumstances:
>
> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2)  Where in private practice he served as a lawyer in the controversy...
>
> (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness...
>
> (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> (i)  is a party to the proceeding ...
> (ii)  is acting as a lawyer in the proceeding;

| (iii) | is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; |
| (iv) | is to the judge's knowledge likely to be a material witness in the proceeding. [*emphasis added throughout*] |

28 U.S.C. § 455.

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990).

## ANALYSIS

Plaintiff did not file an affidavit in support of her request. If the Court considers the motion, Plaintiff failed to allege any facts or circumstances that are legally sufficient to require or warrant recusal. Mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed.2d 474 (1994) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed.2d 778 (1966)). Furthermore, affidavits that are based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296. In sum, sufficient information has not been presented that would lead a reasonable person to conclude that the undersigned is biased against Plaintiff, nor is there any evidence pointing to a personal, non-judicial bias. *Id*. Plaintiff has failed to show any valid basis for removal of the undersigned from this action. 28 U.S.C. § 455.

Turning to Plaintiff's allegations regarding various docket entries in case number 4:14-cv-572, which is not the instant case, the Court finds that there is no valid basis for removal based on these allegations. First, Plaintiff complains that document number 20 on the docket

was improperly sealed by the undersigned. Document 20 is simply a notice of the case being transferred from the Northern District of Texas to the Eastern District of Texas, and provides a notation on the docket that the original file and docket sheet were received by the district clerk. There is no substantive information contained in this notation, and the Court did not order it to be sealed. The substantive order written by the Magistrate Judge in the Northern District of Texas appears on the docket as document number 19, and sets out the legal reasons for the transfer of the case to the Eastern District of Texas. Plaintiff claims that the undersigned should have been aware that the clerk that entered this record falsified a government record; however, this is incorrect. No documents were falsified, and this docket notation is in compliance with normal court procedures.

Plaintiff also alleges that document number 25 incorrectly indicates that Plaintiff's motion to stay was sent via e-mail. Plaintiff argues that this incorrect notation is a federal crime, namely obstruction of justice. According to the docket, after Plaintiff's case number 4:14-cv-572 was transferred to the Eastern District of Texas, Plaintiff continued to improperly file documents in the Northern District of Texas. Rather than reject her filings, the Northern District of Texas forwarded the documents to the district clerk of the Eastern District of Texas via e-mail. This docket notation indicates that the clerk received them from the Northern District of Texas via e-mail on October 3, 2014, and entered them on the docket on October 6, 2014. This is not a basis for removal, and is certainly not evidence of any federal crime.

Plaintiff also complains that the undersigned knew or should have known that the docket for case number 4:14-cv-572 did not contain chronological numbered docket entries and the document numbers appear as follows: 22, 23, 25, 24, and 26. Plaintiff contends that the undersigned should have known that these document numbers do not correspond with the docket

for the case transferred in from the Northern District of Texas to the present case. First, when a case is transferred to this Court it is assigned a new case number, assigned to a district judge, and given new docket entry numbers pertaining to the new case. This is in accordance with normal court procedures. Second, the document numbers that appear out of chronological order is an issue of Plaintiff's own making. As stated previously, after Plaintiff's case was transferred to the Eastern District of Texas, Plaintiff continued to improperly file documents in her case in the Northern District of Texas. Rather than reject her filings or enter them on a date that would make the documents untimely, the district clerk docketed the entries as of the date they were filed in the Northern District of Texas. Specifically, document number 25 was filed by Plaintiff on September 26, 2014, in the Northern District of Texas, but not received by the Sherman clerk's office until October 3, 2014, and not entered on the docket until October 6, 2014. The subsequent docket entry number 24 is merely a notice of the order entered in the Northern District of Texas with the attached documents sent from the Northern District of Texas. Accordingly, Plaintiff's case has been treated the same as any other case on the Court's docket and there is no basis for removal of the undersigned.

Plaintiff also asserts that the undersigned cannot be impartial and has violated the following canons of judicial conduct: (1) performing the duties of judicial office impartially and diligently; (2) public access to judicial records; (3) conducting the judge's extra-judicial activities to minimize the risk of conflict with judicial obligations; (4) avoiding impropriety and the appearance of impropriety in all of the judge's activities; and (5) performing the duties of judicial office impartially and diligently. Plaintiff has no evidence and makes no allegations that the undersigned is unfair or not impartial. "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis

other than what the judge learned in the case." *Blank v. Robinson*, No. 4:13cv14, 2013 LW 789123, at *2 (E.D. Tex. March 1, 2013) (citing *Crawford v. United States Dep't of Homeland Sec.*, 245 F. App'x 369, 383 (5th Cir. 2007)). Plaintiff has simply made no allegations that the undersigned is biased or prejudiced because of an extrajudicial source or some basis other than what the undersigned has learned in the case.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff's Motion to Recuse Judge (Dkt. #37) is hereby **DENIED**.

**SIGNED this 10th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE